[J-67-2019] [MO: Baer, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

IN RE: GRAND JURY INVESTIGATION
NO. 18

PETITION OF: C.S.

: No. 18 MM 2019
:
:
:
:
:
:
: ARGUED: September 10, 2019
:
:
:

**CONCURRING OPINION**

**JUSTICE DONOHUE**                                          **DECIDED: January 22, 2020**

The Majority grants Petitioner relief on his statutory claim that the supervising judge of the Franklin County Court of Common Pleas erred by ordering the public release of the county Grand Jury Investigation 18 report ("Report"), because the Report is not statutorily authorized by the Investigating Grand Jury Act ("Act"), 42 Pa.C.S. § 4541– 4553. I join the Majority Opinion because I agree that the Report does not meet the statutory definition of an investigating grand jury report, 42 Pa.C.S. § 4542, and with the Majority's reasons on this point. I write separately to express my concern that the Majority Opinion could be read to say that a county investigating grand jury is restricted to investigating organized crime and/or public corruption. Majority Op. at 9-10.

A multicounty IGJ's investigatory scope is restricted to "organized crime or public corruption or both involving more than one county of the Commonwealth" where "the investigation cannot be adequately performed" by a county investigating grand jury. 42 Pa.C.S. § 4544(a). In contrast, a county IGJ's investigatory scope is unfettered: a county

IGJ may be empaneled to investigate "the existence of criminal activity within the county which can best be fully investigated using the investigative resources of the grand jury." 42 Pa.C.S. § 4543(b). Such criminal activity could include organized crime and/or public corruption within the investigating county, but, unlike a multicounty IGJ, it is not restricted to those matters.[1]

---

[1] *In re Twenty-Fourth Statewide Investigating Grand Jury*, 907 A.2d 505 (Pa. 2006), this Court determined that once empaneled, a multicounty investigating grand jury may investigate criminal activity unrelated to organized crime or public corruption. Respectfully, in my view, this interpretation of the Act ignores the limited scope of the authority of a multicounty investigating grand jury clearly expressed by the General Assembly. By distinguishing between the requirements for empaneling a multicounty investigating grand jury, 42 Pa.C.S. § 4544, and the crimes that can thereafter be investigated, 42 Pa.C.S. § 4548(a), this Court eradicated the distinction between county and multicounty investigating grand juries so clearly delineated in the Act.